David C. Parisi (SBN 162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, CA 90405
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Attorneys for Plaintiff Avi Weiss,
individually and on behalf of a class of
similarly situated individuals

(Additional counsel on signature page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVI WEISS, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> SEE'S CANDY SHOPS INC., and SEE'S CANDIES INC.; and DOES 1 through 5, <br><br> Defendants. | Case No. <br><br> **CLASS ACTION COMPLAINT FOR:** <br> **1. Cal. Comm. Code § 2313** <br> **2. Cal. Bus. & Profs. Code §17200** <br> **3. Cal. Civil Code §1750** <br> **4. Cal. Bus. & Profs. Code §17500; and** <br> **5. Fraudulent Inducement** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Avi Weiss brings this action on his own behalf and on behalf of the Class he seeks to represent, based upon his own personal knowledge as to himself and his own acts and upon information and belief and the investigation of his counsel as to all other matters, and alleges as follows:

## NATURE OF THE CASE

1.    For Valentine's Day, Defendants manufacture, market, distribute, and sell heart-shaped boxes of assorted chocolates in their retail stores, known as See's Candies Shops.  Defendants know that Plaintiff and other consumers that purchase Kosher certified goods look for the presence of a symbol to indicate whether a product is Kosher certified or not. Defendants misrepresent that their popular Classic Red Heart Assorted Chocolates is Kosher certified by uniformly placing a Kosher certified symbol on the signs prominently placed directly above the boxes of chocolates in their See's Candies Shops throughout the nation. However, the Classic Red Heart Assorted Chocolates is not Kosher certified.

2.    Defendants' conduct breaches their express warranties with consumers, constitutes false advertising, and violates the California Unfair Competition Law, the California Consumer Legal Remedies Act, the California False Advertising Law, and constitutes fraudulent inducement.

3.    Plaintiff brings this action on behalf of himself and a class of purchasers to stop Defendants' from misrepresenting that certain Valentine's Day candies are Kosher certified and to warn purchasers, before they consume these products, that the products do not conform to the representations made by Defendants.  In addition, Plaintiff, on behalf of himself and the proposed class, seeks restitution and other equitable, injunctive, declaratory, and monetary relief as set forth below.

## PARTIES

4.    Plaintiff Avi Weiss ("Plaintiff") is a resident of the State of New Jersey. He purchased the See's Candies' Assorted Chocolates at a See's Candies Shop located in Los Angeles, California.

5.    Defendant See's Candies, Inc., is incorporated in the State of California and has its principal place of business in South San Francisco, California. See's

Candies maintains a registered agent for service of process at 210 El Camino Real, South San Francisco, California 94080.

6.      Defendant See's Candy Shops Incorporated is incorporated in the State of California and has its principal place of business in South San Francisco, California. See's Candy Shops Incorporated maintains a registered agent for service of process at 210 El Camino Real, South San Francisco, California 94080.

7.      Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 5, inclusive, and therefore, sues such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff.

8.      Plaintiff is informed and believes and based thereon alleges that all defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

9.      All Defendants, including Does 1 through 5, are collectively referred to as "Defendants."

10.   Defendants own and operate over 200 stores across the nation.   See's kitchens where chocolate is manufactured are located in the state of California. Further, the marketing, advertising, and design of labels for See's candies are created in California for use throughout the nation.

11.   Whenever this complaint refers to any act of Defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly and severally, unless otherwise alleged.

### JURISDICTION & VENUE

12.   The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

13.   This Court has personal jurisdiction over Defendants because they conduct operations and/or sales in California, are registered to do business in California, and the acts alleged herein originated in this District.

14.   Venue is proper in this District under 28 U.S.C. § 1391(a) because Defendants are headquartered in this District and because a substantial part of the events giving rise to the claim occurred in this District.

### COMMON ALLEGATIONS OF FACT
**A.   Consumer Preferences and Expectations Regarding Kosher Certified Labeling**

15.   In recent years, the food industry has experienced a growth in the selection and quantity of products offered in the market as Kosher certified.

16.   When a company represents that a product is Kosher certified, they are representing that the processing, preparation, and ingredients of the food meet certain quality and control standards that conform to Jewish dietary laws.

**Parisi & Havens LLP**
212 Marine Street, Unit 100
Santa Monica, CA 90405
(818) 990-1299

17.     Consumers rely on the company's representations of products as Kosher certified in making their purchasing decisions.

18.     Food products that are represented as Kosher certified command a premium in the marketplace.  In addition, companies increase sales when they offer Kosher certified food products.

19.     American consumers choose Kosher certified food products for reasons related to health, food safety, taste, vegetarianism, lactose intolerance, religious, and other dietary restrictions.

**B.     See's Candies Falsely Advertises Chocolates As Kosher Certified**

20.     Defendants manufacture, promote, and distribute chocolates and other candy products.

21.     Defendants sell these products in their retail stores known as See's Candies Shops located throughout the nation.

22.     In each of their candy shops, Defendants offer a selection of Kosher certified candies.  To designate that an item is Kosher certified, Defendants affix a prominent and commonly known symbol for Kosher certification on large signs placed directly above the Kosher certified merchandise displayed in their stores.

23.     These signs, which were designed by Defendants in California for use throughout the nation, and which identify the price of the item, the weight of the item, the contents of the item, and whether the product is Kosher certified, are placed in the See's Candies Shops throughout the nation in the same or substantially similar manner as depicted in the Figure 1 below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22



23    24.    Consumers, including Plaintiff and Class Members, look for the Kosher

24    symbol on these signs to make their purchasing decisions.

25    25.    Defendants advertise candies, including but not limited to the heart

26    shaped Valentine's Day Classic Red Heart Box in various sizes and weights, as

27    containing Kosher certified candies, when in fact the candies are not Kosher certified.

28

26.     Plaintiff and members of the Class have been harmed because they overpaid for the products (or would not have purchased the products) had they known that the products were not Kosher certified.

**Plaintiff's Individual Allegations**

27.     Plaintiff Avi Weiss strictly observes Kosher dietary laws and shops exclusively for Kosher certified items.

28.     In or around January 2016, Plaintiff visited a See's Candies Shop in Los Angeles, California.

29.     Plaintiff searched for items in the store that were Kosher certified.

30.     Plaintiff viewed and relied upon the Kosher certified symbol placed on the signs found directly above the products offered for sale.  These signs were the same as or substantially similar to the representations depicted in Figure 1, above.

31.     Relying upon Defendants' representations that certain products were Kosher certified, Plaintiff purchased several items, including Valentine's Day Classic Red Heart Box containing Assorted Chocolates.

32.     Because he was purchasing chocolates that were advertised as Kosher certified, he reasonably believed that they were, in fact, Kosher certified.

33.     Plaintiff relied on these advertisements when forming his purchasing decision.

34.     Had Defendant disclosed that its Assorted Chocolates were in fact not Kosher certified, Plaintiff would not have purchased the item.

35.     As a result, Plaintiff has suffered damages.

36.     In addition to monetary damages, Plaintiff seeks injunctive relief to stop Defendants from falsely marketing some of their products as Kosher certified and to force Defendants to warn purchasers that certain candies sold as Kosher certified, are not in fact Kosher certified.

# CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a class defined as follows:

> All individuals nationwide who, from four years prior to the filing of this Complaint through to date of certification purchased a product from a See's Candies Shop that was marketed as Kosher certified when the product was not Kosher certified.

38.     Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' agents, legal representatives, predecessors, successors, assigns, and employees. Also excluded from the Class are the judge and staff to whom this case is assigned, and any member of the judge's immediate family.

39.     Plaintiff reserves the right to revise the definition of the Class based on facts learned during discovery.

40.     The exact number of persons in the Class, as herein identified and described, is unknown but is estimated to number in the thousands. The Class is so numerous that joinder of individual members herein is impracticable.

41.     Plaintiff will fairly and adequately represent and protect the interests of the other members of each Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so.  Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

42.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

Parisi & Havens LLP
212 Marine Street, Unit 100
Santa Monica, CA 90405
(818) 990-1299

43.     Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in falsely advertising products as Kosher certified, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Class.

44.     The factual and legal basis of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the Defendants' conduct of falsely advertising products as Kosher certified.  Plaintiff and members of the Class have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

45.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class.  Common questions for the Class include but are not limited to the following:

(a)     Whether Defendants' inclusion of a Kosher symbol on its signage for particular candies constituted an express warranty;

(b)     Whether Defendants breached their express warranties with Plaintiff and class members;

(c)     Whether Defendants' advertising is unlawful, unfair, deceptive, or misleading to reasonable consumers under the UCL;

(d)     Whether Defendants' conduct violates the Cal. Bus. & Profs. Code §17200, the Cal. Civil Code §1750, and the Cal. Civil Code 17500;

(e)     Whether Defendants' Classic Red Heart Assorted Chocolates and other candies are in fact Kosher certified;

(f)     Whether a reasonable consumer would expect that products advertised with a Kosher certification symbol would in fact be Kosher certified;

(g)     Whether, as a result of Defendants' conduct, Plaintiff and the class members are entitled to equitable relief and/or other relief, and, if so, the nature of such relief; and

(h)     The method of calculation and extent of damages for Plaintiff and members of the Class.

# FIRST CLAIM FOR RELIEF
## Violation of the California Commercial Code, Section 2313, Breach of Express Warranty

46.   Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

47.   Defendants produced, advertised, marketed, sold, and distributed candies with the affirmation of fact, promise, and description on the signs above those candies that those candies were Kosher certified.

48.   Plaintiff and members of the Class relied on these affirmations of fact, promises, and descriptions in that they were part of the basis of the bargain under which Plaintiff and members of the Class purchased candies from Defendants.

49.   Defendants breached these express warranties by producing, distributing, marketing and selling candies to Plaintiff and Class members that did not conform to the affirmations of fact, promises, and/or descriptions made on the signage above the candies (i.e., that the candies were Kosher certified).

50.   At the time of their purchase, Plaintiff and Class Members did not and could not reasonably have known of or discovered the falsity of Defendants' representations or avoided the harm those misrepresentations caused.

51.   Defendants have been on notice of their breach of these express warranties as they are in possession of a Kosher certification letter that designates other products sold by Defendants as Kosher certified but does not include the products complained-of herein.

52.   As a proximate result of Defendants' breach of its express warranty, Plaintiff and members of the Class sustained damages, including but not limited to the purchase price of the product and/or the premium paid for the product.

53.   Plaintiff, on behalf of himself and the Class, is entitled to damages and other legal and equitable relief including, a right of reimbursement, as well as costs, expenses and attorneys' fees.

**Class Action Complaint**

**Parisi & Havens LLP**
212 Marine Street, Unit 100
Santa Monica, CA 90405
(818) 990-1299

54.     Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff and the Class are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

**SECOND CLAIM FOR RELIEF**
**Violations of California Business & Professions Code, Section 17200, *et seq.*,**
**Unlawful, Unfair and Fraudulent Business Acts and Practices**

55.     Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

56.     Defendants' acts and practices as detailed herein constitute acts of unfair competition. Defendants have engaged in unlawful, unfair or fraudulent business acts and/or practices within the meaning of California Business & Professions Code, section 17200, *et seq*. Defendants need only violate one of the three prongs to be held strictly liable.

57.     Defendants have engaged in "unlawful" business acts and practices by manufacturing, promoting, distributing, and selling candy as Kosher certified, when, in fact, it is not Kosher certified.

58.     Defendants' business acts and practices violate the California Business and Professions Code, section 17500, *et seq*. and the California Consumer Legal Remedies Act, California Civil Code, Section 1750, *et seq*., as alleged herein.

59.     Defendants' business acts and practices also violate California's Sherman Food, Drug, and Cosmetics Law, Cal. Health & Saf. Code, §109875, *et seq*. ("Sherman Law"). The Sherman Law prohibits the false advertising of food.

60.     Defendants' acts and practices violate the following sections of the Sherman Law: § 110390 ("It is unlawful for any person to disseminate any false advertisement of any food . . . . An advertisement is false if it is false or misleading in any particular."); § 110395 ("It is unlawful for any person to manufacture, sell,

**Parisi & Havens LLP**
212 Marine Street, Unit 100
Santa Monica, CA 90405
(818) 990-1299

1   deliver, hold, or offer for sale any food . . . that is falsely advertised."); § 110100

2   (adopting all FDA food labeling regulations as state regulations); § 110290 ("In

3   determining whether the labeling or advertisement of a food . . . is misleading, all

4   representations made or suggested by statement, word, design, device, sound, or any

5   combination of these shall be taken into account. The extent that the labeling or

6   advertising fails to reveal facts concerning the food . . . or consequences of customary

7   use of the food . . . shall also be considered."); and § 110315 ("It is unlawful for any

8   person, with the intent to deceive, to place, or cause to be placed upon any food…, or

9   its package, the trade name or other identifying mark or imprint of another person or

10  any likeness of the trade name or other identifying mark or imprint of another

11  person").

12          61.     Defendants' acts and practices are further "unlawful" because they

13  violate the Federal Trade Commission Act (FTC Act), specifically, 15 U.S.C. §

14  52(a)(2), which deems it "unlawful for any person, partnership, or corporation to

15  disseminate, or cause to be disseminated, any false advertisement…[b]y any means,

16  for the purpose of inducing, or which is likely to induce, directly or indirectly, the

17  purchase in or having an effect upon commerce, of food, drugs, devices, services, or

18  cosmetics."

19          62.     All of the challenged advertisements and statements made by Defendants

20  thus constitute violations of the Sherman Law and the FTC Act, and as such, violate

21  the "unlawful" prong of the UCL.

22          63.     Plaintiff reserves the right to identify additional provisions of the law

23  violated by Defendants as further investigation and discovery warrants.

24          64.     Defendants' failure to comply with the above statutes and regulations

25  constitute an unlawful business act or practice.

26          65.     Section 17200 of the California Business & Professional Code also

27  prohibits any "unfair business act or practice." As described above, Defendants have

28

engaged in "unfair" business acts or practices in that they falsely advertised certain candies as Kosher certified, when, in fact, those candies were not Kosher certified.

66.     The gravity of the harm to Plaintiff and the Class outweighs any arguable utility of Defendants' conduct. Plaintiff's injury is substantial, is not outweighed by any countervailing benefit to consumers or competition, and is not one that consumers could have reasonably avoided.

67.     Defendants' conduct offends California public policy tethered to the California Consumer Legal Remedies Act, the California False Advertising Law, the California Sherman Law, and the Federal Trade Commission Act, which are intended to preserve fair competition, to protect consumers from market distortions, and to allow consumers to make informed choices in their purchasing food products.

68.     Defendants' actions are immoral, unethical, unscrupulous, and offend established public policy, and have injured Plaintiff and other members of the Class.

69.     Section 17200 also prohibits any "fraudulent business act or practice." Defendants' conduct constituted "fraudulent" business acts or practices in that their conduct had a tendency and likelihood to deceive persons to whom such conduct was and is targeted by falsely representing that certain candies were Kosher certified, when, in fact, they were not.

70.     Plaintiff and members of the Class were deceived by Defendants' representations as to whether the candies they were buying were Kosher certified.

71.     Plaintiff and members of the Class reasonably relied on Defendants' representations. As the California Supreme Court has explained, "Simply stated: labels matter. The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities they may come to associate with a particular source." *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 328 (2011).

72.     Plaintiff and members of the Class have suffered injuries as a direct and proximate result of the unlawful, unfair, and fraudulent business practices of Defendants in that they purchased products that they would not have purchased, or they would have paid less for the products, had they known that the products were not Kosher certified.

73.     Pursuant to section 17203 of the California Business and Professions Code, Plaintiff, on his own behalf and on behalf of the Class, seeks restitution and a Court order enjoining Defendants from such future conduct and any other such orders that may be necessary to rectify the unlawful, unfair, and fraudulent business practices of Defendants, including requiring Defendants to cease misrepresenting that certain candy is Kosher certified by removing the Kosher symbol affixed on the signs in See's Candies Shops and requiring that Defendants provide a notice to consumers who already purchased the products.

74.     Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff and the Class are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

**THIRD CLAIM FOR RELIEF**
**Violations of the Consumers Legal Remedies Act,**
**California Civil Code Section 1750, *et seq.,***

75.     Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

76.     The California Consumer Legal Remedies Act, Section 1750 of the California Civil Code, protects consumers against fraud, unlawful practices, and unconscionable commercial practices in connection with the sale of any merchandise.

77.     Plaintiff and members of the Class are "consumers" as defined by Section 1761(d) of California Code because they sought or acquired Defendants' goods for personal, family, or household purposes.

78.     See's candies are "goods" within the meaning of the Section 1761(a) of the California Civil Code as they are tangible chattels bought for personal, family, or household purposes.

79.     Defendants manufactured, licensed, distributed, marketed, and sold certain candies as being Kosher certified when, in fact, they were not. Such conduct constitutes a violation of the California Consumer Legal Remedies Act as specified below.

80.     Defendants' conduct violated and continues to violate the Consumer Legal Remedies Act by engaging in the following practices proscribed by section 1770(a), subsections (2), (3), (5), (7), and (9) of the California Civil Code, respectively, in transactions with Plaintiff and members of the Class, which were intended to result in, and did result in, the sale of the candy in that Defendants: misrepresenting the source, sponsorship, approval, or certification of goods or services; misrepresenting the affiliation, connection, or association with, or certification by, another; misrepresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not

have; representing that goods or services are of a particular standard, quality, or grade…if they are of another; and advertising goods or services with intent not to sell them as advertised.

81.     Plaintiff and other members of the Class reasonably relied upon and were deceived by Defendants' representations that certain candies were Kosher certified.

82.     Pursuant to section 1782(d) of the California Civil Code, Plaintiff, on behalf of himself and the Class seek a Court order enjoining Defendants from such future conduct and any other such orders that may be necessary to rectify the fraudulent, unlawful, unconscionable commercial practices, and fraudulent business practices of Defendants, including requiring Defendants to cease misrepresenting that certain candy is Kosher certified by removing the Kosher symbol affixed on the signs in See's Candies Shops and requiring that Defendants provide a notice to consumers who already purchased the products.

**FOURTH CLAIM FOR RELIEF**
**Violations of the False Advertising Act,**
**California Civil Code Section 17500, *et seq.,***

83.     Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

84.     Section 17500 of the California False Advertising Act prohibits the dissemination of statements that are untrue, misleading, and which are known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

85.     Defendants' acts and practices violated Section 17500 of the California False Advertising Act.  Defendants disseminated untrue and misleading statements to Plaintiffs and members of the Class about the Kosher certification of certain candies.

86. Defendants' statements were untrue and misleading in material respects because Plaintiff and the Class would not have purchased the candy, or not have paid as much for the candy, had they known that it was not Kosher certified.

87. Defendants' statements had the capacity, likelihood and tendency to deceive and confuse consumers into believing that the candy offered for sale was Kosher certified.

88. Defendants' affixed a commonly known symbol for Kosher certified on signs directly above the product.

89. Defendants, as the manufacturers and sellers of these products, knew or should have known, with the exercise of reasonable care, that the products they were offering to consumers were not in fact Kosher certified and that consumers rely on these symbols to indicate whether the products they are purchasing are Kosher certified or not. Therefore, Defendants' knew or should have known that their statements were untrue and misleading.

90. Plaintiff and members of the Class were induced to purchase Defendant's candy, and/or pay a premium for the candy, based on Defendants' untrue and misleading statements.

91. Plaintiff and members of the Class were aware of and reasonably relied on Defendants' untrue and misleading statements.

92. Defendants disseminated untrue and misleading statements about the Kosher certification of certain candies with the intent not to sell those candies as advertised.

93. Pursuant to section 17535 of the California Business and Professions Code, Plaintiff, on behalf of himself and the Class seeks restitution and a Court order enjoining Defendants from such future conduct and any other such orders as may be necessary to rectify Defendants' false advertising, including requiring Defendants to cease misrepresenting that certain candy is Kosher certified by removing the Kosher

symbol affixed on the signs in See's Candies Shops and requiring Defendants to provide a notice to consumers who already purchased the products.

94.     Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff and the Class are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

### FIFTH CLAIM FOR RELIEF
### Fraudulent Inducement

95.     Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

96.     As described with particularity above, Defendants have used and continue to use, marketing tactics they know or reasonably should know are false and misleading.

97.     To induce Plaintiff and the Class into purchasing certain candies, Defendants affirmatively represented that the candies were certified Kosher.

98.     Unfortunately for Plaintiff and the Class, Defendants' affirmative representations were, in fact, false. In particular, certain candies represented as Kosher certified, were, in fact, not Kosher certified.

99.     The representations made by Defendants about Kosher certification were material terms in their transactions with Plaintiff and the Class because they directly affected their choices to purchase and consume Defendants' food.

100.   As the manufacturer of its candies and the designer of its marketing materials (including its retail advertisements), Defendants knew or should have known that their representations about certain Kosher certified candies were false. Defendants are in possession of a Kosher certification letter that designates other products sold by Defendants as Kosher certified, but does not include the products complained-of herein.  Therefore, Defendants intentionally designed their public

Parisi & Havens LLP
212 Marine Street, Unit 100
Santa Monica, CA 90405
(818) 990-1299

1   representations to mislead consumers about the Kosher certification of certain

2   candies.

3       101.   Defendants made these representations with the intent to induce Plaintiff

4   and the Class to rely upon them by purchasing certain candies.

5       102.   Given the information asymmetry between Defendants and Plaintiff and

6   the Class regarding knowledge that certain candies were actually Kosher certified,

7   Plaintiff and the Class did not and could not reasonably have known of or discovered

8   the falsity of Defendants' representations or avoided the harm those

9   misrepresentations caused. They would not have purchased (or would have paid less)

10  for Defendant's candies advertised as Kosher certified, but for the misrepresentations

11  alleged herein.

12      103.   As a result of their reasonable reliance on Defendants'

13  misrepresentations, Plaintiff and the Class have suffered actual monetary damages in

14  the form of the price paid for Defendants' candies.

15      104.   Plaintiff therefore prays for relief in the amount of the price paid for

16  Defendants' candies which were advertised as Kosher certified when they were not.

17      WHEREFORE, Plaintiff Avi Weiss, on behalf of himself and the Class, prays

18  for the following relief:

19          a.   An order certifying the Class as defined above;

20          b.   An award of actual damages;

21          c.   An injunction requiring Defendants to cease misrepresenting that certain

22              candy is Kosher certified by removing the Kosher symbol affixed on the

23              signs in See's Candies Shops and requiring Defendants to provide a

24              notice to consumers who already purchased the product;

25          d.   For any and all other relief available under Business and Professions

26              Code sections 17200, *et. seq.*, including but not limited to disgorgement

27

28

1         of profits received through Defendants' unfair business practices and

2         restitution;

3     e.  An award of reasonable attorneys' fees and costs;

4     f.  For pre-judgment interest on the sums owing; and

5     g.  For such other and further relief as the Court deems just and proper.

6 Dated: February 9, 2016         Respectfully submitted,

7

8         By: _/s/David C. Parisi_____

9         David C. Parisi
dparisi@parisihavens.com

10         Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com

11         PARISI & HAVENS LLP
Santa Monica, CA   90405d

12         Telephone: (818) 990-1299
Facsimile: (818) 501-7852

13

14         Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com

15         Grace E. Parasmo (pro hac vice application
to be filed)

16         gparasmo@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW

17         7400 Hollywood Blvd, #505
Los Angeles, CA 90046

18         Telephone:  (917) 657-6857
Facsimile:   (877) 501-3346

19         *Attorneys for Avi Weiss,*

20         *individually and on behalf of a class of*
*similarly situated individuals*

21

22

23

24

25

26

27

28

-20-

**Class Action Complaint**

1

## JURY DEMAND

2      Plaintiff demands a trial by jury of all causes of action and matters so triable.

3

4   Dated: February 9, 2016                    Respectfully submitted,

5

6                                              By: _/s/David C. Parisi_____
                                               David C. Parisi
7                                              dparisi@parisihavens.com
                                               Suzanne Havens Beckman (SBN 188814)
8                                              shavens@parisihavens.com
                                               PARISI & HAVENS LLP
9                                              Santa Monica, CA   90405d
                                               Telephone: (818) 990-1299
10                                             Facsimile: (818) 501-7852

11
                                               Yitzchak H. Lieberman (SBN 277678)
12                                             ylieberman@parasmoliebermanlaw.com
                                               Grace E. Parasmo (pro hac vice application
13                                             to be filed)
                                               gparasmo@parasmoliebermanlaw.com
14                                             PARASMO LIEBERMAN LAW
                                               7400 Hollywood Blvd, #505
15                                             Los Angeles, CA 90046
                                               Telephone:  (917) 657-6857
16                                             Facsimile:   (877) 501-3346

17                                             *Attorneys for Avi Weiss,*
                                               *individually and on behalf of a class of*
18                                             *similarly situated individuals*

19

20

21

22

23

24

25

26

27

28